UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JASON BENJAMIN,

                      Petitioner,

            -v-

UNITED STATES OF AMERICA,

                      Respondent.

20 Civ. 3022 (PAE)

15 Cr. 445-5 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has reviewed the *pro se* petition of Jason Benjamin for relief pursuant to 28 U.S.C. § 2255, *see* Dkt. 1 in 20 Civ. 3022; Dkt. 1093 in 15 Cr. 445 ("Pet."); Benjamin's subsequent filings, *see* Dkt. 7 in 20 Civ. 3022; Dkt. 1129 in 15 Cr. 445 ("Pet. Reply"); and the Government's opposition to Benjamin's petition, *see* Dkt. 6 in 20 Civ. 3022; Dkt. 1108 in 15 Cr. 445 ("Gov't Mem."). For the reasons that follow, the Court denies Benjamin's petition.[1]

    1.    On December 9, 2015, Benjamin was indicted, along with 25 others, in connection with his participation in the violent 18 Park gang, the members of which committed crimes including murder, attempted murder, robbery, and narcotics distribution in and around the Patterson Housing projects in the Bronx, New York. On September 8, 2017, after two trials of co-defendants had resulted in guilty verdicts and with his trial approaching, Benjamin pled guilty, pursuant to a plea agreement, to three of the five counts against him in superseding indictment S10, Dkt. 608. *See* Dkt. 825 ("Plea Tr.") at 2. Of the three, Count One charged Benjamin with participating in a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); Count Five charged him with participating in a narcotics conspiracy, in violation of 21 U.S.C.

---

[1] Ensuing citations are all to the docket of Benjamin's criminal case.

§ 846; and Count Eight charged him with the use of a firearm, which was discharged, in aid of both the racketeering conspiracy charged in Count One and the narcotics conspiracy charged in Count Five, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii), and (iii).  In pleading guilty to Count One, Benjamin admitted participating in the September 28, 2008, murder of Brandon Howard, which Benjamin aided and abetted by informing co-defendant Jonathan Rodriguez of Howard's whereabouts.  Pl. Tr. at 11.  In pleading guilty to a lesser-included offense of Count Five, Benjamin admitted conspiring to distribute, and possess with intent to distribute, narcotics.  *See id.* at 11–12.  And in pleading guilty to Count Eight, Benjamin admitted using a firearm, which was discharged, in furtherance of the conspiracies charged in both Count One and Count Five, including when he shot two bystanders in a failed attempt to injure rival gang members in the same crowd.  *See id.* at 12, 25.

2.  The Count Five narcotics conspiracy to which Benjamin pled guilty carried a mandatory minimum sentence of five years' imprisonment, and the Count Eight firearms charge carried a mandatory minimum sentence of 10 years' imprisonment, which was required to run consecutively to any other prison term.  Benjamin's plea agreement therefore recognized that he faced a mandatory sentence of at least 15 years' imprisonment.  Plea Tr. at 15.  On December 22, 2017, the Court imposed a sentence.  *See* Dkt. 885 ("Sent. Tr."); Dkt. 870 (judgment).  Although the sentencing guidelines recommended an overall sentence of between 444 and 525 months' imprisonment, the Court sentenced Benjamin to a total term of 273 months' imprisonment, to be followed by a 10-year term of supervised release.  Sent. Tr. at 5, 32.  At sentencing, the Court explained at length why such a sentence was justified, reasonable, and the lowest consistent with the 18 U.S.C. § 3553(a) factors.  *Id.* at 11–32.

3.     In his § 2255 petition, Benjamin makes two principal arguments.  First, he asks the Court to vacate his firearms conviction under § 924(c) in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), which found the residual clause in 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague.  Second, he argues that his counsel was ineffective for advising him to plead guilty to the firearms offense in connection to the racketeering conspiracy under § 924(c)(3)(B), in light of the later ruling in *Davis*.  For the reasons more fully set out in the Government's response, *see* Gov't Mem., which the Court here incorporates by reference, neither of these claims is meritorious.

a.     Benjamin first suggests that *Davis* requires reversal of his conviction on Count Eight.  That is wrong.  *Davis* held void for vagueness the residual clause definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B).  After *Davis*, for purposes of § 924(c), a "crime of violence" is limited to offenses that contain, as an element, the "use of force."  18 U.S.C. § 924(c)(3)(A).  Benjamin thus argues that the racketeering conspiracy on which his § 924(c)(1)(A) conviction is partially based, following *Davis*, is not such an offense.  Benjamin's major premise is correct that, under *Davis*, a racketeering conspiracy, defined by its elements, is not inherently a "crime of violence."  The predicate offenses that participants in a racketeering conspiracy may engage in can encompass, for example, fraud offenses, which do not have the use of force as an element.  But Benjamin's conclusion that his conviction on Count Eight must be vacated under *Davis* is incorrect.  That is because Benjamin's use of firearms, as charged in Count Eight, was tied *both* to a racketeering conspiracy *and* a narcotics conspiracy.  And § 924(c) applies to firearms possession in connection with either a "crime of violence *or* drug trafficking crime." 18 U.S.C. § 924(c)(1)(A) (emphasis added).  The latter means of violating § 924(c) is unaffected by *Davis*, which limits only the scope of the first of these terms, "crime of violence." *See United States v.*

3

*Vasquez*, 672 F. App'x 56, 61 (2d Cir. 2016) (upholding § 924(c) conviction based on both a narcotics conspiracy and a Hobbs Act conspiracy, while assuming arguendo that the latter conspiracy did not constitute a crime of violence). Although Benjamin contends that his plea agreement "is ambiguous as to which of the two [conspiracy offenses] ultimately served as the basis for the § 924(c) conviction," Pet. Reply at 3–4, his plea allocution clearly admitted his use of a firearm in connection with both conspiracies, including the narcotics conspiracy, *see* Plea Tr. at 27–28. Accordingly, *Davis* does not disturb Benjamin's § 924(c)(1)(A) conviction.

        b.      Benjamin next argues that he is entitled to habeas relief because his defense counsel provided constitutionally ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984). Benjamin seems to suggest that his attorneys were ineffective because they advised him to plead guilty to the firearms offense in Count Eight in connection with a racketeering conspiracy, whereas *Davis* later invalidated the residual clause in § 924(c)(1)(B). *See* Pet. at 6–7; Pet. Reply at 6. This argument fails at both steps of the *Strickland* analysis. First, at the time of Benjamin's sentencing, the law in this Circuit was that racketeering conspiracies could qualify as "crimes of violence" under the then-enforceable residual clause in § 924(c)(3)(B). *United States v. Praddy*, 729 F. App'x 21, 23 (2d Cir. 2018); *see United States v. Hill*, 832 F.3d 135, 145–46 (2d Cir. 2016) (affirming validity of residual clause). Thus, viewing Benjamin's counsel's performance "as of the time of counsel's conduct," the Court cannot find that it fell below "an objective standard of reasonableness" under "prevailing professional norms." *Strickland*, 466 U.S. at 687–88. Second, given that Benjamin's § 924(c) conviction rests on both a racketeering *and* a narcotics conspiracy, he could not have been prejudiced by his counsel's advice to plead guilty to the firearms offense in Count Eight in relation to the former. Even had Benjamin's plea agreement and plea allocution not referred to

4

the racketeering conspiracy, he would still have faced § 924(c)'s 10-year mandatory minimum on Count Eight as a result of his plea to the use of a firearm in furtherance of the narcotics conspiracy. And Benjamin has not asserted that he would have rejected the Government's plea offer had he been advised that the residual clause might be invalidated; nor has he alleged that any alternative plea offer was extended to him or that he would have prevailed at trial had he not accepted any plea offer.

3.  Benjamin's submission does not make any other coherent claim for relief. Nevertheless, in the course of reviewing Benjamin's petition, the Court has considered the overall record of his case, including the record of his plea proceeding and sentencing. The Court has not found any infirmity in any proceedings in Benjamin's case or any deficiency, let alone a prejudicial one, in Benjamin's counsel's representation.

The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 1093 and to close case 20 Civ. 3022.

The Court declines to issue a certificate of appealability and certifies that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

                                        PAUL A. ENGELMAYER
                                        United States District Judge

Dated: August 20, 2020
       New York, New York